NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERDI ALEXIS ARANA-DIAZ, | No. 19-71576 |
| Petitioner, | Agency No. A206-721-388 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020**

Before: FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Ferdi Alexis Arana-Diaz, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Arana-Diaz's request for
oral argument, set forth in his opening brief, is denied.

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Arana-Diaz does not make any arguments challenging the agency's dispositive conclusion that he failed to demonstrate that the harm he experienced or fears in Guatemala was or would be on account of a protected ground. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Arana-Diaz's withholding of removal claim.

We do not consider Arana-Diaz's contentions as to harm rising to the level of persecution because the BIA did not decide that issue. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the agency).

Substantial evidence supports the agency's denial of CAT relief because Arana-Diaz failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary state action for CAT relief).

We reject Arana-Diaz's contention that the agency failed to consider arguments and evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir.

19-71576

2010).

Arana-Diaz's opposed motion for stay of removal (Docket Entry No. 8) is denied as moot.

**PETITION FOR REVIEW DENIED.**